﻿Citation Nr: AXXXXXXXX
Decision Date: 07/30/19 Archive Date: 07/30/19

DOCKET NO. 190620-10142
DATE: July 30, 2019

REMANDED

Entitlement to service connection for a heart disability, to include as secondary to type II diabetes mellitus and posttraumatic stress disorder (PTSD), is remanded.

Entitlement to service connection for obstructive sleep apnea, to include as secondary to peripheral neuropathy and PTSD, is remanded.

REASONS FOR REMAND

The Veteran served on active duty from February 1961 to June 1981.

This matter is before the Board of Veterans’ Appeals (Board) on appeal from a rating decision issued in May 2019 by a Department of Veterans Affairs (VA) Regional Office (RO). 

By way of background, a July 2016 rating decision granted reopening of a claim for service connection for sleep apnea, and then denied service connection for sleep apnea and a heart disability. The Veteran filed notices of disagreement with the denials in October 2016 and June 2017. In February 2019, the Veteran elected the modernized review system and requested a higher-level review decision. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)). 

A new decision was issued in March 2019 which denied service connection for sleep apnea and a heart disability. The Veteran filed a supplemental claim in April 2019. In a May 2019 rating decision, the RO found that new and relevant evidence had been submitted and denied service connection for sleep apnea and a heart disability. The Veteran filed an appeal to the Board in June 2019 and requested direct review by a Veterans Law Judge. As the RO has already determined that new and relevant evidence has been submitted, the Board need not address new and relevant evidence here. 

1. Entitlement to service connection for a heart disability.

A VA medical opinion concerning the claimed heart disability was obtained in June 2016, prior to the May 2019 rating decision on appeal. While the opinion addressed whether the Veteran’s heart disability was caused or aggravated by the Veteran’s diabetes or hypertension, the examiner did not address whether the disability was caused or aggravated by the Veteran’s PTSD, which the Veteran has specifically argued. As such, the issue must be remanded to correct this pre-decisional duty to assist error.

2. Entitlement to service connection for obstructive sleep apnea.

A VA medical opinion concerning the sleep apnea was obtained in December 2015. The examiner addressed the issue of whether the Veteran’s PTSD directly caused or aggravated the Veteran’s sleep apnea. However, since the December 2015 opinion and prior to the decision on appeal, the Veteran has argued that his other service-connected conditions, specifically his peripheral neuropathy, have prevented him from exercising, which has resulted in his obesity and in turn caused his sleep apnea. Obesity may act as an “intermediate step” between a service-connected disability and a current disability. VAOPGCPREC 1-2017 (Jan. 6, 2017). In light of this contention a new VA examination was necessary in order to address whether the Veteran’s other service-connected disabilities resulted in his obesity, which in turn caused or aggravated his sleep apnea. As such, the issue must be remanded to correct this pre-decisional duty to assist error.

The matter is REMANDED for the following action:

1. Schedule the Veteran for a VA examination to determine the nature and etiology of the Veteran’s heart disability. The examiner should answer the following:

a) Is it at least as likely as not (a fifty percent probability or greater) that the heart disability was caused by:

1) Diabetes mellitus?

2) PTSD?

b) If not, is it at least as likely as not (a fifty percent probability or greater) that the heart disability was aggravated (worsened) by: 

1) Diabetes mellitus?

2) PTSD?

A detailed rationale for the opinion must be provided. The examiner is reminded that the term “as likely as not” does not mean “within the realm of medical possibility,” but rather that the evidence of record is so evenly divided that, in the examiner’s expert opinion, it is as medically sound to find in favor of the proposition as against it.

2. Schedule the Veteran for a VA examination to determine the nature and etiology of the Veteran’s sleep apnea. The examiner should answer the following:

a) Is it at least as likely as not (a fifty percent probability or greater) that the Veteran’s service-connected peripheral neuropathy or PTSD, including medication therefor, resulted in the Veteran becoming obese?

b) Is it at least as likely as not (a fifty percent probability or greater) that sleep apnea was caused by:

1) Peripheral neuropathy, to include obesity resulting therefrom?

2) PTSD, to include obesity resulting therefrom?

c) If not, is it at least as likely as not (a fifty percent probability or greater) that sleep apnea was aggravated (worsened) by:

1) Peripheral neuropathy, to include obesity resulting therefrom?

2) PTSD, to include obesity resulting therefrom?

A detailed rationale for the opinion must be provided. Attention is invited to a January 2019 opinion indicating that the Veteran’s peripheral neuropathy and PTSD medications resulted in the Veteran becoming obese, which in turn caused or aggravated his sleep apnea (labelled “other” – uploaded 4/18/19).

(Continued on the next page)

 

The examiner is reminded that the term “as likely as not” does not mean “within the realm of medical possibility,” but rather that the evidence of record is so evenly divided that, in the examiner’s expert opinion, it is as medically sound to find in favor of the proposition as against it.

 

LESLEY A. REIN

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD C. Wendell, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.